# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| BEN RODGERS, INDIVIDUALLY, AND ON BEHALF OF AND FOR THE USE AND BENEFIT OF THE WRONGFUL DEATH BENEFICIARIES OF EDNA RODGERS | PLAINTIFF |
| VS. | 3:23-cv-413-KHJ-MTP |
| CHADWICK NURSING AND REHABILITATION CENTER, LLC, AURORA CARES, LLC, ETHEL SMITH, LPN, JANICE BRUMFIELD, LPN, UNIDENTIFIED ENTITIES 1-10, AND JOHN DOES 1-10 (AS TO CHADWICK FACILITY) | DEFENDANTS |

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI, NORTHERN DIVISION

Zack Wallace, Clerk
CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
P.O. Box 327
Jackson, Mississippi 39205

R. Paul Williams
WILLIAMS NEWMAN WILLIAMS, PLLC
640 N. State Street
Jackson, Mississippi 39201
paul@wnwlegal.com

**ATTORNEY FOR PLAINTIFF**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Chadwick Nursing and Rehabilitation Center, LLC ("Chadwick") and Aurora Cares, LLC file this Notice of Removal of the civil action styled *Ben Rodgers, individually, and on behalf of and for the use and benefit of the wrongful death beneficiaries of Edna Rodgers v. Chadwick Nursing and*

*Rehabilitation Center, LLC;* Cause No. 25CI1:23-cv-00280-EFP, from the Circuit Court of Hinds County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division. In support of this Notice, Chadwick states the following:

1.  Plaintiff Ben Rodgers, filed this medical negligence action in the Circuit Court of Hinds County Mississippi, on May 19, 2023. The lawsuit arises out of the care and treatment provided to Edna Rodgers while a resident of Chadwick. According to the Complaint, Ms. Rodgers suffered injuries as a result of Chadwick's alleged negligence.

2.  Plaintiff served Chadwick and Aurora Cares with a copy of a Summons and Complaint on May 31, 2023. *See* Exhibits A-B. This Notice of Removal is filed within thirty days of receipt of the Summons and Complaint and is thus timely under 28 U.S.C. § 1446.

3.  Ethel Smith ("Smith") and Janice Brumfield ("Brumfield") were improperly joined in this action, as explained below. Accordingly, their consent is not required to remove the action to this Court

4.  Venue is proper in the United States District Court for the Southern District of Mississippi, Northern Division because that is the district in which the state court action was filed. *See* 28 U.S.C. §§ 1446(a), 104(b)(1).

5.  This Court has original jurisdiction over this action—there is complete diversity of citizenship between Plaintiff and Defendants and more than $75,000 is in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

6.  Plaintiff claims that Chadwick caused Ms. Rodgers to suffer "rectal impaction, bowel perforation, septic shock, infections, abuse and neglect, unexplained injuries, had an unkept appearance, suffered disfigurement, poor hygiene , mental decline, and she suffered other injuries, and ultimately death," and she seeks both compensatory and punitive damages. *See* Complaint at

¶¶ 5.04, 5.37. Such claims for alleged serious and permanent injuries support a finding that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (finding amount in controversy to exceed $75,000 as plaintiff sought damages for medical expenses, physical pain and suffering, loss of wages and permanent disability and disfigurement for injuries sustained after falling in defendant's store); *Irons v. Glaxo Welcome, Inc.*, 2006 WL 1272797, at *2 (S.D. Miss. May 9, 2006) (citing *Gebbia* and holding that amount in controversy requirement met based on plaintiff's claims for medical expenses, lost wages, physical pain and suffering and mental anguish arising from use of defendant's product). Furthermore, Plaintiff's claim for punitive damages alone satisfies the amount in controversy. *See Anderson v. Wells Fargo Bank*, Civ. No. 2:15-cv-88, 2015 WL 4775356, at *2 (S.D. Miss. 2015).

  7. Diversity of citizenship exists because Plaintiff is citizen of Mississippi, and Chadwick is not a citizen of Mississippi. As set forth in detail below, Chadwick Nursing and Rehabilitation Center, LLC is a limited liability company whose members are all citizens of the State of New York. Therefore, Chadwick is a citizen of New York, not Mississippi. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that the citizenship of an LLC is that of all its members).

  8. Chadwick Nursing and Rehabilitation Center, LLC's members are D&N, LLC and DTD HC, LLC. D&N, LLC and DTD HC, LLC are New York limited liability companies. D&N, LLC's members are Norbert A. Bennett, the Norbert A. Bennett Children's Trust, and the Norbert A. Bennett Grand-Children's Trust. Mr. Bennett is a citizen of New York. The Norbert A. Bennett Children's Trust and the Norbert A. Bennett Grand-Children's Trust are traditional trusts. The trustee of the Norbert A. Bennett Children's Trust is Ronald Bennett, a citizen of New York, and the trustee of the Norbert A. Bennett Grand-Children's Trust is also Ronald Bennett. *See Mullins*

*v. TestAmerica, Inc.,* 564 F.3d 386, 397 n. 6 (5th Cir. 2009) (citing *Navarro Savs. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) (holding that the citizenship of a trust is that of its trustee)).

9. DTD HC, LLC's members are Donald T. Denz and the Donald T. Denz Irrevocable Trust. Mr. Denz is a citizen of the State of New York. The Donald T. Denz Irrevocable Trust is a traditional trust, and the trustee of the Donald T. Denz Irrevocable Trust is Martin J. Clifford, a citizen of New York.

10. Aurora Cares, LLC's members are D&N, LLC and DTD HC, LLC. As explained above, each of the members of those LLCs are citizens of New York.

11. Defendants Smith and Brumfield are improperly joined parties whose presence will not defeat diversity. A plaintiff cannot defeat federal jurisdiction on the basis of diversity of citizenship by improperly joining a non-diverse defendant. *See Perry v. Clear Channel Broadcasting*, Civ. A. No. 2:07cv134-KS-MTP, 2008 WL 190573 at *2 (S.D. Miss. Jan. 18, 2008). "A plaintiff improperly joins a non-diverse defendant to defeat federal jurisdiction if: (1) there is actual fraud in pleading jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant." *Perry*, 2008 WL 190573 at *2 (*citing Campbell v. Stone Ins., Inc.*, 2007 WL 4248211 at *2 (5th Cir. Dec. 5, 2007). Here, Plaintiff is unable to establish a cause of action against Smith and Brumfield, the only non-diverse defendants.

12. The test for whether a plaintiff is unable to establish a cause of action against a non-diverse defendant is "whether the removing party has demonstrated there is no possibility of recovery by the plaintiff against the in-state defendant." *Capitol Body Shop, Inc. v. Allstate Insurance Company*, Civ. A. No. 3:18-CV-516-HTW-LRA, 2019 WL 943414 at *4 (S.D. Miss. 2019). "This means that there must be a *reasonable* possibility of recovery, not merely a theoretical

one." *Campbell*, 509 F.3d at 669 (*quoting Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir.2003))(emphasis added).

13. The District Court "must examine the plaintiff's possibility of recovery against the defendant at the time of removal." *Capitol Body Shop,* 2019 WL 943414 at *4 (*quoting Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016)). "The court may conduct a Rule 12(b)(6) type-analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Capitol Body Shop,* 2019 WL 943414 at *4 (*quoting Bell v. Texaco, Inc.*, 493 Fed. App'x, 587, 591 (5th Cir. 2012)).

14. A claim may be dismissed for the plaintiff's failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under heightened pleading standards, a plaintiff must plead enough facts to state a "plausible claim for relief" to survive a 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Iqbal*, at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, at 678. Further, "conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not improperly joined." *Adams County, Miss. v. Diversified Computer Systems of No. Chas., Inc.*, Civ. A. No. 5:12-CV-145-DPJ-FKB, 2013 WL 6191464 at *2-3 (S.D. Miss. 2013).

15. Nothing in the Complaint suggests that Smith or Brumfield, who were working as nurses at Chadwick, should be held personally liable for any actions undertaken by Chadwick Nursing and Rehabilitation Center, LLC. Their names are only mentioned once in the Complaint when Plaintiff introduces the parties in Paragraph 1.05 and 1.06. There are no allegations

regarding Smith or Brumfield's wrongful conduct, and certainly no basis for the Court to conclude Plaintiff has a plausible claim for relief against either Defendant.

16. Under Mississippi law, an agent of a disclosed principal may be held personally liable only for her own tortious acts committed within the scope of her employment. *Breazeale v. Young*, Civ. A. No. 4:13-CV-00119-SA-JMV, 2013 WL 5592361, at *2 (N.D. Miss. Oct. 10, 2013). Simply stated, "the agent must commit an individual wrongdoing." *Id*. at 3. The Complaint contains no specific allegations of tortious conduct by Smith or Brumfield and likewise fails to allege separate and independent tort claims against them.

17. Because the Complaint fails to allege a viable cause of action against Smith or Brumfield, they are imprprerly joined as a non-diverse defendant. As a result, Smith and Brumfield should be ignored for purposes of diversity jurisdiction. *Rodriguez v. Sabatino*, 120 F.3d 589, 592 (5th Cir. 1997). Accordingly, there is complete diversity of citizenship between Plaintiff and the properly joined Defendants.

18. In accordance with 28 U.S.C. § 1446(a), Chadwick has provided notice to Plaintiff by mailing Plaintiff's counsel a copy of this Notice and the state court Notice of Filing of Notice of Removal. Chadwick has also provided notice to the Clerk of Court for the Circuit Court of Hinds County, Mississippi, through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the state court action. *See* Exhibit C.

19. The allegations of this Notice are true and correct, and as such, this cause of action is removable to the United States District Court for the Southern District of Mississippi, Northern Division.

This the 28th day of June 2023.

Respectfully submitted,

CHADWICK NURSING AND
REHABILITATION CENTER, LLC; AND
AURORA CARES, LLC

By Its Attorneys,

*s/ Clay Gunn*
W. Davis Frye (MB No. 10671)
Clay Gunn (MB No. 102920)
BUTLER SNOW LLP
MAILING:  Post Office Box 6010
Ridgeland, Mississippi 39158-6010
PHYSICAL:  1020 Highland Colony Parkway
Suite 1400
Ridgeland, Mississippi 39157
Tel.:  (601) 985-4277
Fax:  (601) 985-4500
Davis.Frye@butlersnow.com
Clay.Gunn@butlersnow.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing document with the Clerk of the Court using the Court's electronic filing system, which sent notification of such filing to all counsel of record, including the following:

> R. Paul Williams
> WILLIAMS NEWMAN WILLIAMS, PLLC
> 640 N. State Street
> Jackson, Mississippi 39201
> paul@wnwlegal.com

**ATTORNEY FOR PLAINTIFF**

THIS the 28th day of June 2023.

*s/ Clay Gunn*

80287631.v1