IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

BEN RODGERS, INDIVIDUALLY, AND ON
BEHALF OF AND FOR THE USE AND
BENEFIT OF THE WRONGFUL DEATH
BENEFICIARIES OF EDNA RODGERS                     **PLAINTIFFS**

VS.                                       CAUSE NO.: 23-280

CHADWICK NURSING AND
REHABILITATION CENTER, AURORA CARES, LLC
ETHEL SMITH, LPN, JANICE BRUMFIELD, LPN
UNIDENTIFIED ENTITIES 1-10, AND JOHN
DOES 1-10 (as to the CHADWICK NURSING FACILITY)       **DEFENDANTS**

## COMPLAINT

### JURY TRIAL REQUESTED

COMES NOW, the Plaintiff, Ben Rodgers, Individually, and on behalf of and for the use and benefit of the Wrongful Death Beneficiaries of Edna Rodgers, and for his causes of action against Defendants, states:

### I. PARTIES

1.01    Ben Rodgers is a surviving son of EDNA RODGERS, deceased, and brings this action individually, and on behalf of the Estate of EDNA RODGERS and for the use and benefit of the wrongful death beneficiaries of EDNA RODGERS, and pursuant to Mississippi law.

1.02    EDNA RODGERS was, at all times material hereto, a resident of Chadwick Nursing and Rehabilitation Center, LLC, a skilled nursing facility located at 1900 Chadwick Drive, Jackson, MS 39204 from on or about February 15, 2022 until March 5, 2022.

1.03    Defendant, Chadwick Nursing and Rehabilitation Center, LLC (hereinafter "Chadwick Nursing" or "Nursing Home Defendants" or "Chadwick Nursing Defendants") is a business operating in the state of Mississippi with its principal place of business located in Hinds

EXHIBIT C

1

County, Mississippi, and that may be served with process to its registered agent, United Corporate Services, Inc., 248 East Capitol Street, Suite 840, Jackson, Mississippi 39201, or a location where said agent may be found. Chadwick Nursing was, and remains, a corporation engaged in the custodial care of elderly, helpless individuals who are chronically infirm, mentally impaired, and/or in need of nursing care and treatment at Chadwick Nursing.

1.04   Defendant, Aurora Cares, LLC (hereinafter "Aurora Cares" or "Nursing Home Defendants" or "Chadwick Nursing Defendants") is a business operating in the state of Mississippi and that may be served with process to its registered agent, United Corporate Services, Inc., 248 East Capitol Street, Suite 840, Jackson, Mississippi 39201, or a location where said agent may be found.

1.05   Defendant, Ethel Smith, LPN (hereinafter "Smith" or "Nursing Home Defendants" or "Chadwick Nursing Defendants") is a resident citizen of Mississippi and that may be served with process at 127 Deer Trail, Brandon, MS 39042.

1.06   Defendant, Janice Brumfield, LPN (hereinafter "Brumfield" or "Nursing Home Defendants" or "Chadwick Nursing Defendants") is a resident citizen of Mississippi and that may be served with process at 7009 Highway 570 E, Ruth, MS 39662.

1.07   Separate Defendants John Does 1 through 10 are individuals whom Plaintiff is currently unable to identify despite diligent efforts. Said Defendants are named pursuant to Miss. R. Civ. P. 9(h), insofar as their as their acts and/or omissions were negligent and/or otherwise tortious with respect to the care and treatment of, or in the staffing, supervision, administration, and direction of the care and treatment of, EDNA RODGERS, during her residency at Chadwick Nursing. Alternatively, Defendants are liable for the negligent and/or otherwise tortious acts and/or omissions or others with respect to the care and treatment of EDNA RODGERS during her

residency at Chadwick Nursing.

1.08  Separate Defendants Unidentified Entities 1 through 10 are entities whom Plaintiff is currently unable to identify despite diligent efforts. Defendants are named pursuant to Miss. R. Civ. P. 9(h), insofar as their acts and/or omissions were negligent and/or otherwise tortious with respect to the care and treatment of EDNA RODGERS during her residency at Chadwick Nursing. Alternatively, Defendants are liable for the negligent and/or otherwise tortious acts and/or omissions of others with respect to the care and treatment of EDNA RODGERS during her residency at Chadwick Nursing.

1.09  At all times material hereto, Defendants owned, operated and/or controlled Chadwick Nursing. The actions of each of The Chadwick Nursing Defendants' servants, agents and employees as set forth herein, are imputed to the Chadwick Nursing Defendants, John Does 1 through 10, and Unidentified Entities 1 through 10.

## II.   JURISDICTION AND VENUE

2.01  Plaintiff re-alleges and incorporates the allegations in paragraphs 1.01-1.09 as if set forth herein.

2.02  Jurisdiction and venue are proper in Hinds County, Mississippi, First Judicial District, in that a substantial alleged act or omission occurred and/or a substantial event that caused the injury occurred in whole or in part in Hinds County, Mississippi.

## III.   DEFENDANTS' JOINT VENTURE

3.01  Plaintiff re-alleges and incorporates the allegations in paragraphs 1.01-2.02 as if set forth herein.

3.02  Chadwick Nursing and Aurora Cares (herein collectively referred to as the "Chadwick Nursing Defendants") were engaged in a joint enterprise, in that:

3

  a. Chadwick Nursing Defendants had a mutual understanding for the common purpose of operating Chadwick Nursing; and

  b. Chadwick Nursing Defendants each had a right to a voice in the direction and control of the means to carry out this common purpose.

  3.03 There has been a close relationship between Chadwick Nursing Defendants at all times relevant.

  3.04 As a consequence of the joint enterprise, Chadwick Nursing Defendants owed a joint duty to Ms. RODGERS to use reasonable care for her safety while upon their premises and under their care and supervision at Chadwick Nursing.

  3.05 As a consequence of the joint enterprise, each Defendant's wrongful acts are imputed to and constitute the acts of the other Defendants and the failure of the Defendants shall be aggregated.

## IV. AGENCY

  4.01 Plaintiff re-alleges and incorporates the allegations in paragraphs 1.01-3.05 as if set forth herein.

  4.02 All actions of the staff and other employees and agents of Defendants who were responsible for providing care and treatment to Ms. RODGERS while she was a resident at Chadwick Nursing, alleged herein, were performed within the scope of their employment or agency with Defendants.

  4.03 For that reason, Defendants are vicariously liable for the actions of its nursing staff and other employees and agents in relation to the care of, or failure to care for, Ms. RODGERS.

## V. FACTUAL SUMMARY

  5.01 Plaintiff re-alleges and incorporates the allegations in paragraphs 1.01-4.03 as if set

forth herein.

5.02 Ms. RODGERS began her residency with the Chadwick Nursing Defendants on or around February 15, 2022. That upon admission to Defendants facility, Ms. RODGERS was of unsound mind and incapable of managing the ordinary affairs of her life. Ms. RODGERS continued to be of unsound mind until her death. On March 5, 2022, Ms. RODGERS died as a result of the injuries she suffered at Defendants' facility.

5.03 That throughout Ms. RODGERS'S residency, the Facility, including any of its staff or other personnel, failed to possess and exercise that degree of care, diligence, and skill as it ordinarily possessed and exercised by minimally competent and reasonably diligent, skillful, careful and prudent nursing homes, and their staff or other personnel.

5.04 Ms. RODGERS suffered a large rectal impaction, bowel perforation, septic shock, infections, abuse and neglect, unexplained injuries, had an unkept appearance, suffered disfigurement, poor hygiene, mental decline, and she suffered other injuries, and ultimately death, as a result of the improper care and treatment provided to her by the Facility and/or its staff or other personnel throughout her residency with the Facility.

5.05 Ms. RODGERS suffered many incidents, abuse and neglect, improper care, and injuries, including but not limited to the following:

- Ms. RODGERS had a large rectal impaction which the Facility failed to timely assess and recognize resulting in bowel perforation, intraperitoneal air, sepsis, and septic shock. Had the facility timely and appropriately assessed Ms. Rodgers' condition, they would have noticed that she was experiencing life threatening signs and symptoms of rectal impaction. Ms. Rodgers had been complaining of abdominal pain and constipation for several days prior to March 5, 2022, yet wasn't sent to the hospital until March 5, 2022.

- The facility failed to timely assess and treat Ms. Rodgers during her residency at the facility which resulted in her death on March 5, 2022. Ms. Rodgers died as a result of sepsis due to pneumoperitoneum, consistent with perforated bowel.

- Ms. RODGERS suffered other injuries, infections, and extreme pain and suffering, as a result of the Facility's negligence.

- The charting was infrequent, had gaps, and did not meet the standard of care.

- Ms. RODGERS received poor personal care while she was a resident of The Facility

- Ms. RODGERS required hospitalizations as a result of the negligence and inaction of the Facility.

- Ms. RODGERS suffered an overall decline in her clinical condition as a result the Facility's negligence.

- The Facility failed to meet the standard of care in regard to the care rendered to Ms. RODGERS.

5.06   The conditions reflected herein are readily apparent based on a review of Ms. RODGERS'S chart. As a result of the individual and/or combined negligence, gross negligence, reckless, and willful/wanton actions of the Defendants and/or their staff or other personnel, Ms. RODGERS suffered extensive injuries and damages, including loss of her dignity, great pain and suffering, including a large rectal impaction, bowel perforation, infections, mental anguish, and ultimately death. The Facility and/or their staff or other personnel failed to meet the appropriate standard of care with regard to the care and treatment provided to Ms. RODGERS throughout her residency with the Facility.

5.07   Defendants were well aware of Ms. RODGERS'S medical condition and the care that she required when they represented that they could adequately care for her needs.

5.08   At all times material to this lawsuit, Defendants held themselves out as being:

    a.    Skilled in the performance of nursing, rehabilitative and other medical support services;

    b.    Properly staffed, supervised, and equipped to meet the total needs of their nursing home residents;

    c.    Able to specifically meet the total nursing home, medical, and physical therapy needs of EDNA RODGERS and other residents like her; and

    d.    Licensed and complying on a continual basis with all rules, regulations, and standards established for nursing homes, nursing home licensees and nursing home administrators.

6

5.09 The Defendants exercised substantial control over significant aspects of the operation and management of Chadwick Nursing during Ms. RODGERS'S residency period, including but not limited to the creation, setting, funding and/or implementation of budgets; the hiring and training of staff; the monitoring of resident acuity levels and staffing sufficiency to meet each resident's needs; control over resident admissions and discharge to and from the facility; and the creation and enforcement of written policies and procedures pertaining to the rules that provide for the safety and well-being of residents.

5.10 Each of these managerial and operational functions had a direct impact on the quality of care delivered to Ms. RODGERS and other residents at Chadwick Nursing and were taken in furtherance of an operation and managerial objective over Chadwick Nursing.

5.11 Chadwick Nursing Defendants substantially derive their revenue and profits from the receipt of taxpayer dollars through federally and state funded Medicare and Medicaid programs.

5.12 Residents with higher acuity levels, i.e., a greater number and degree of illnesses, place higher demands for care and services on the nursing home and its staff.

5.13 The rate at which Chadwick Nursing Defendants are reimbursed by Medicare and Medicaid for the delivery of nursing home care and services, and accordingly the amount of their ultimate revenue and profits, are based upon the acuity level of the residents confined to their facilities.

5.14 The daily reimbursement rate varies based on the level of nursing care and number of therapy minutes provided to the resident. Acuity levels are determined by the resident's Resource Utilization Group or "RUG" score.

5.15 This creates a financial incentive on nursing home corporations, including

Chadwick Nursing Defendants, to admit and retain residents with greater mental, physical and psychosocial needs.

5.16   Medicare and Medicaid expect and presume that the nursing home, and Chadwick Nursing Defendants, will actually use the additional funds received for higher acuity level residents to meet those residents' needs, primarily through the additional employment of staff members to deliver the increased care and services.

5.17   Despite receiving additional funds from Medicare and Medicaid based upon the resident acuity levels reported to Medicare for Chadwick Nursing prior to, and during, Ms. RODGERS'S residency period, Defendants failed to ensure, through their operational, budgetary, consultation and managerial decisions and actions, that Chadwick Nursing was sufficiently staffed to meet the individual needs of Ms. RODGERS during her residency period.

5.18   This lack of sufficient staff directly resulted in Ms. RODGERS not receiving the very basic and necessary services to prevent, among other things, neglect and abuse leading to avoidable rectal impaction, infections, and ultimately death.

5.19   While holding Chadwick Nursing out to Ms. RODGERS and other members of the public as providing excellent care, Defendants, as reflected on the Medicare and Medicaid Cost Reports – signed under penalty of perjury and filed with state and federal governments – extracted considerable profit through the management and operation of Chadwick Nursing by paying management, administration and consulting fees, as well as other "costs," to the Defendants named herein and other related entities from funds which should have been utilized to hire, train and retain sufficient numbers of qualified staff to meet the needs of Ms. RODGERS.

5.20   The Defendants failed to discharge their obligations of care to EDNA RODGERS. As a consequence thereof, EDNA RODGERS suffered catastrophic injuries, disfigurement, extreme pain

8

and suffering, mental anguish, and death. The scope and severity of the recurrent wrongs inflicted upon EDNA RODGERS while under the care of the facility accelerated the deterioration of her health and physical condition beyond that caused by the normal aging process and resulted in physical and emotional trauma as described above.

5.21    The wrongs complained of herein were of a continuing nature, and occurred throughout EDNA RODGERS'S stay at Defendants' facility.

5.22    Plaintiff alleges that on all of the occasions complained of herein, EDNA RODGERS was under the care, supervision, and treatment of the agents and/or employees of Defendants and that the injuries complained of herein were proximately caused by the acts and omissions of Defendants named herein.

5.23    Defendants had vicarious liability for the acts and omissions of all persons or entities under Defendants' control, either directly or indirectly, including their employees, agents, consultants, and independent contractors, whether in-house or outside entities, individuals, agencies, or pools causing or contributing to the injuries of EDNA RODGERS.

5.24    Defendants have joint and several liability for the actions complained of herein because they consciously and deliberately pursued a common plan or design to commit the tortious acts described in this Complaint and these Defendants actively took part in such actions.

## COUNT ONE: NEGLIGENCE AGAINST THE CHADWICK NURSING DEFENDANTS, SMITH, BRUMFIELD, JOHN DOES 1-10, AND UNIDENTIFIED ENTITIES 1 THROUGH 10

5.25    Plaintiff re-alleges and incorporates the allegations in paragraphs 1.01-5.24 as if set forth herein.

5.26    Defendants owed a duty to residents, including EDNA RODGERS, to provide adequate and appropriate custodial care and supervision, which a reasonably careful person would

provide under similar circumstances.

5.27  Defendants owed a duty to residents, including EDNA RODGERS, to exercise reasonable care in providing care and services in a safe and beneficial manner.

5.28  Defendants owed a duty to EDNA RODGERS to use reasonable care to protect her from unreasonable risk of harm.

5.29  At all times relevant herein, Ms. RODGERS was in a defenseless and dependent condition.  As a result of her defenseless and dependent condition, Ms. RODGERS relied upon Defendants to provide for her safety, protection, care and treatment.

5.30  At all times relevant herein, Defendants had a duty to act in accordance with the standards of care required of those who own, operate, manage, maintain, and/or control a skilled nursing facility.

5.31  This duty required Defendants to implement and enforce policies and procedures to ensure the proper care for, and treatment of, residents such as Ms. RODGERS.

5.32  This duty required Defendants to have sufficient and qualified staff to ensure the proper care for, and treatment of, residents such as Ms. RODGERS.

5.33  This duty required Defendants to ensure that its agents, servants and/or employees were properly educated and trained with regard to the care for, and treatment of, residents such as Ms. RODGERS.

5.34  The Defendants and their employees/agents breached their duty to use reasonable care in the performance of nonmedical, administrative, ministerial or routine care, for EDNA RODGERS'S safety.

5.35  Defendants breached this duty by failing to deliver care and services that a reasonably careful person would have provided under similar circumstances and by failing to

prevent the mistreatment, abuse and neglect of EDNA RODGERS.

5.36   As a direct and proximate result of the negligence of Defendants as set out above, EDNA RODGERS suffered injuries, as set forth herein all of which required hospitalization and medical treatment, and all of which required Ms. RODGERS to incur significant hospital and medical expenses.

5.37   WHEREFORE, based on such conduct of Separate Defendants as set forth above, Plaintiff asserts a claim for judgment for compensatory and punitive damages against Separate Defendants including, but not limited to, medical expenses, physical pain and suffering, mental anguish, disability, humiliation, disfigurement and death in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

### COUNT TWO: MEDICAL MALPRACTICE AGAINST THE CHADWICK NURSING DEFENDANTS, SMITH, BRUMFIELD, JOHN DOES 1 THROUGH 10, AND UNIDENTIFIED ENTITIES 1 THROUGH 10

5.38   Plaintiff hereby re-alleges and incorporates the allegations in paragraphs 1.01-5.37, as if fully set forth herein.

5.39   Separate Defendants owed a duty to residents, including EDNA RODGERS, to hire, train, and supervise employees so that such employees delivered care and services to residents in a safe and beneficial manner.

5.40   Separate Defendants owed a duty to residents, including EDNA RODGERS, to render care and services as a reasonably prudent and similarly situated nursing home employee would render, including, but not limited to, rendering care and services in a safe and beneficial manner.

5.41   Separate Defendants owed a duty to assist all residents, including EDNA RODGERS, in attaining and maintaining the highest level of physical, mental, and psychosocial well-being.

5.42   Separate Defendants failed to meet the standard of care and violated their duty of

care to EDNA RODGERS through mistreatment, abuse, and neglect. The medical negligence of these Defendants includes, but is not limited to, the following acts and omissions:

a. LEGAL COMPLIANCE – Complying with applicable federal regulations, state statutes and rules, and professional standards of care;

b. WELL-BEING AND QUALITY OF LIFE – Providing goods and services for EDNA RODGERS necessary to avoid physical harm and mental anguish; caring for EDNA RODGERS in a manner and in an environment that promoted maintenance or enhancement of her quality of life; and providing the necessary care and services for EDNA RODGERS to attain or maintain the highest practicable physical, mental, and psychosocial well-being, in accordance with the comprehensive assessment and plan of care;

c. ASSESSMENT – Conducting a comprehensive, accurate, standardized reproducible assessment of EDNA RODGERS'S functional capacity;

d. CARE PLANNING – Developing and implementing a comprehensive, individualized care plan for EDNA RODGERS that included measurable objectives and timetables to meet her medical, nursing, mental, and psychosocial needs;

e. NURSING INTERVENTIONS – Developing and implementing new nursing interventions when Defendants' Care Plan for EDNA RODGERS no longer met her needs;

f. SUFFICIENT STAFF – Having sufficient nursing staff to provide nursing and related services to allow EDNA RODGERS to attain or maintain the highest practicable physical, mental, and psychosocial well-being in accordance with her resident assessments and individual plans of care;

g. COMPETENT STAFF – Ensuring that direct care staff were competent in the skills and techniques necessary to care for EDNA RODGERS'S needs, and were able to perform their assigned duties;

h. CLINICAL RECORDS – Maintaining clinical records for EDNA RODGERS in accordance with accepted professional standards and accepted standards of professional nursing practice; and

i. OTHER FAILURES – which will be shown throughout litigation.

5.43 A reasonably prudent nursing home operating under the same or similar conditions, would not have failed to provide the care listed in the above paragraphs. Each of the foregoing acts

of medical negligence on the part of Defendants was a proximate cause of EDNA RODGERS'S injuries and death. EDNA RODGERS'S injuries and death were foreseeable to these Defendants.

5.44  Defendants' conduct in breaching the duties owed to EDNA RODGERS was grossly negligent, willful, wanton, malicious and reckless.

5.45  As a direct and proximate result of such grossly negligent, willful, wanton, reckless and malicious conduct, EDNA RODGERS suffered injuries and also suffered extreme pain, suffering, and mental anguish, all of which required medical treatment. As a result, Ms. RODGERS incurred significant medical expenses.

5.46  WHEREFORE, based on the conduct set forth above of Separate Defendants, Plaintiff asserts a claim for judgment for compensatory and punitive damages against these Separate Defendants including, but not limited to, medical expenses, physical pain and suffering, mental anguish, disability, humiliation, disfigurement and death in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

### COUNT THREE: MALICE, AND/OR GROSS NEGLIGENCE WHICH EVIDENCES A WILLFUL, WANTON, OR RECKLESS DISREGARD FOR THE SAFETY OF EDNA RODGERS AGAINST CHADWICK NURSING DEFENDANTS, SMITH, BRUMFIELD, JOHN DOES 1 THROUGH 10, AND UNIDENTIFIED ENTITIES 1 THROUGH 10

5.47  Plaintiff re-alleges and incorporates the allegations in paragraphs 1.01- 5.46, as if fully set forth herein.

5.48  The longevity, scope and severity of Defendants' failures and actions constitute malice, and/or gross negligence that evidences a willful, wanton or reckless disregard for the safety of others, including EDNA RODGERS. Specifically, such conduct was undertaken by Defendants without regard to the health and safety consequences to those residents, such as EDNA RODGERS, entrusted to their care. Moreover, such conduct evidences little regard for their duties of care, good faith, and fidelity owed to Ms. RODGERS.

13

5.49 The malice, and/or gross negligence which evidences a willful, wanton, or reckless disregard for the safety of others, including EDNA RODGERS, includes, but is not limited to, acts and omissions as alleged in the above paragraphs, as well as the following:

    a. LEGAL COMPLIANCE – Complying with applicable federal regulations, state statutes and rules, and professional standards of care;

    b. WELL-BEING AND QUALITY OF LIFE – Providing goods and services for EDNA RODGERS necessary to avoid physical harm and mental anguish; caring for EDNA RODGERS in a manner and in an environment that promoted maintenance or enhancement of her quality of life; and providing the necessary care and services for EDNA RODGERS to attain or maintain the highest practicable physical, mental, and psychosocial well-being, in accordance with the comprehensive assessment and plan of care;

    c. ASSESSMENT – Conducting a comprehensive, accurate, standardized reproducible assessment of EDNA RODGERS'S functional capacity;

    d. CARE PLANNING – Developing and implementing a comprehensive, individualized care plan for EDNA RODGERS that included measurable objectives and timetables to meet her medical, nursing, mental, and psychosocial needs;

    e. NURSING INTERVENTIONS – Developing and implementing new nursing interventions when Defendants' Care Plan for EDNA RODGERS no longer met her needs;

    f. SUFFICIENT STAFF – Having sufficient nursing staff to provide nursing and related services to allow EDNA RODGERS to attain or maintain the highest practicable physical, mental, and psychosocial well-being in accordance with her resident assessments and individual plans of care;

    g. COMPETENT STAFF – Ensuring that direct care staff were competent in the skills and techniques necessary to care for EDNA RODGERS'S needs, and were able to perform their assigned duties;

    h. CLINICAL RECORDS – Maintaining clinical records for EDNA RODGERS in accordance with accepted professional standards and accepted standards of professional nursing practice; and

    i. OTHER FAILURES – which will be shown throughout litigation.

5.50 As a direct and proximate result of the above cited malice, and/or gross negligence

which evidences a willful, wanton, or reckless disregard for the safety of others, including EDNA RODGERS, she suffered injuries as set herein, all of which required Ms. RODGERS to incur significant medical expenses as well as suffer extreme pain, suffering, mental anguish, embarrassment, and fright, all of which required hospitalization and medical treatment, and all of which resulted in death.

5.51   WHEREFORE, based on such conduct of Separate Defendants, Plaintiff asserts a claim for judgment for compensatory and punitive damage against Separate Defendants including, but not limited to, medical expenses, physical pain and suffering, mental anguish, disability, and humiliation, disfigurement and death in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

### COUNT FOUR: STATUTORY SURVIVAL CLAIM AGAINST THE CHADWICK NURSING DEFENDANTS, SMITH, BRUMFIELD, JOHN DOES 1 THROUGH 10, AND UNIDENTIFIED ENTITIES 1 THROUGH 10

5.52   Plaintiff re-alleges and incorporates the allegations in paragraph 1.01 through 5.51, as if fully set forth herein.

5.53   As a direct and proximate result of the negligence, malice, and/or gross negligence that evidenced and willful, wanton or reckless disregard for the safety of others, including EDNA RODGERS, Ms. RODGERS suffered injuries and death as set forth herein, all of which caused physical pain and suffering, mental anguish, humiliation, embarrassment, disfigurement, fright, and emotional distress. As a result, EDNA RODGERS incurred significant hospital and medical expenses.

5.54   As a direct, natural and proximate result of the negligence, malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, EDNA RODGERS died on March 5, 2022, thereby incurring funeral, burial, and other related expenses.

5.55   WHEREFORE, based on and arising out of the conduct of Separate Defendants as set out above, Plaintiff asserted a claim for judgment for compensatory and punitive damages for EDNA RODGERS'S death, including, but not limited to medical expenses, costs of administration of EDNA RODGERS'S estate, and other related expenses incurred as a result of Separate Defendant's wrongful acts and omissions, as well as damages for physical pain and suffering, mental anguish, disability, humiliation, disfigurement and death in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

### COUNT FIVE: STATUTORY WRONGFUL DEATH CLAIM AGAINST CHADWICK NURSING DEFENDANTS, SMITH, BRUMFIELD, JOHN DOES 1 THROUGH 10, AND UNIDENTIFIED ENTITIES 1 THROUGH 10

5.56   Plaintiff re-alleges and incorporates the allegations in paragraph 1.01 through 5.56, as if fully set forth herein.

5.57   As a direct and proximate result of the negligence, malice, and/or gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, including EDNA RODGERS, Defendants caused the death of EDNA RODGERS.

5.58   As a direct, natural and proximate result of the negligence, malice, and/or gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, EDNA RODGERS suffered extreme pain, suffering, mental anguish, embarrassment, disfigurement, and fright, all of which required hospitalization and medical treatment. EDNA RODGERS died on March 5, 2022, thereby incurring funeral, burial and other related expenses.

5.59   As a result of the death of EDNA RODGERS, the wrongful death beneficiaries suffered loss of consortium, attention, guidance, care, protection, training, companionship, compassion, affection, and love.

5.60   WHEREFORE, based on such conduct of Separate Defendants as set out above,

16

Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Separate Defendants including but not limited to EDNA RODGERS'S physical pain and suffering, mental anguish, disfigurement, and death in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law. Additionally, based on such conduct, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Separate Defendants based on the damages sustained by the wrongful death beneficiaries as a result of the loss of a personal relationship with EDNA RODGERS including but not limited to loss of support, companionship, consortium, attention, guidance, care, protection, training, compassion, affection, and love, in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled.

## PRAYER FOR RELIEF

Pursuant to Mississippi Rules of Civil Procedure, Plaintiff demands that all issues of fact in the case be tried to a jury.

WHEREFORE, the Plaintiff, Ben Rodgers, Individually, and for the use and benefit of the wrongful death beneficiaries of EDNA RODGERS, and for his causes of action, prays for judgment against all Defendants, as follows:

1. For damages to be determined by the jury, in an amount exceeding the minimum jurisdictional amount of this Court, and adequate to compensate Plaintiff for all the injuries and damages sustained;

2. For all general and special damages caused by the alleged conduct of Defendants;

3. For the costs of litigating this case;

4. For punitive damages sufficient to punish Defendants for their egregious conduct and to deter all Defendants from repeating such atrocities; and

5. For all relief to which Plaintiff is entitled by Mississippi law.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, sues and demands judgment of and from the Defendants, for all damages allowed under law including compensatory damages and punitive damages in an amount to be determined by the jury, and for any such other relief which the Court may deem appropriate.

RESPECTFULLY SUBMITTED, this the 17th day of May, 2023.

>     PLAINTIFF, BEN RODGERS,
>     INDIVIDUALLY, AND ON BEHALF OF AND
>     FOR THE USE AND BENEFIT OF THE
>     WRONGFUL DEATH BENEFICIARIES OF
>     EDNA RODGERS
>
>     BY: _____
>     R. PAUL WILLIAMS, III

R. PAUL WILLIAMS, III (MSB #102345)
COURTNEY M. WILLIAMS (MSB #102347)
MATT NEWMAN (MSB# 103654)
WILLIAMS NEWMAN WILLIAMS, PLLC
129 B. SOUTH PRESIDENT ST. (39201)
Post Office Box 23785
Jackson, Mississippi 39225
Tel:   (601) 949-5080
Fax:   (601) 949-5538
Email: paul@wnwlegal.com
       courtney@wnwlegal.com
       matt@wnwlegal.com

18

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

BEN RODGERS, INDIVIDUALLY, AND ON
BEHALF OF AND FOR THE USE AND
BENEFIT OF THE WRONGFUL DEATH
BENEFICIARIES OF EDNA RODGERS                                  PLAINTIFFS

VS.                                           CAUSE NO.:_____

CHADWICK NURSING AND
REHABILITATION CENTER, AURORA CARES, LLC
ETHEL SMITH, LPN, JANICE BRUMFIELD, LPN
UNIDENTIFIED ENTITIES 1-10, AND JOHN
DOES 1-10 (as to the CHADWICK NURSING FACILITY)              DEFENDANTS

**CERTIFICATE OF EXPERT CONSULTATION**
**PURSUANT TO MISSISSIPPI CODE ANNOTATED § 11-1-58**

I hereby certify pursuant to Miss. Code Ann. § 11-1-58(1)(a) that I have reviewed the facts of this case and have consulted with at least one expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence to give expert testimony as to standard of care or negligence and who I reasonably believe is knowledgeable in the relevant issues involved in this action. I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

SO CERTIFIED this 17th day of May, 2023.

PLAINTIFF, BEN RODGERS,
INDIVIDUALLY, AND ON BEHALF OF
AND FOR THE USE AND BENEFIT OF
THE WRONGFUL DEATH
BENEFICIARIES OF EDNA RODGERS

BY:_____
R. PAUL WILLIAMS, III

R. PAUL WILLIAMS, III (MSB #102345)
COURTNEY M. WILLIAMS (MSB #102347)
MATT NEWMAN (MSB# 103654)
WILLIAMS NEWMAN WILLIAMS, PLLC
129 B. SOUTH PRESIDENT ST. (39201)


EXHIBIT A

Post Office Box 23785
Jackson, Mississippi 39225
Tel: (601) 949-5080
Fax: (601) 949-5538
Email: paul@wnwlegal.com
       courtney@wnwlegal.com
       matt@wnwlegal.com

2